

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 3, 1966

Dr. S. H. Frazier, Commissioner
Texas Department of Mental Health
  and Mental Retardation
Box S, Capitol Station
Austin, Texas

Opinion No. C-591

Re: Whether the redesignation to the
Texas Department of Mental Health
and Mental Retardation by Governor
Connally as the agency for admin-
istering and supervising state
plans for the construction of
mental retardation facilities
under Sec. 134(a)(1) and commu-
nity health centers under Sec.
204(a)(1) of Public Law 88-164
is legal.

Dear Dr. Frazier:

        We are in receipt of your letter of recent date
requesting an opinion on the question as hereinafter stated:

        Whether the redesignation to the Texas
    Department of Mental Health and Mental
    Retardation by Governor Connally as the
    agency for administering and supervising
    state plans for the construction of mental
    retardation facilities under Section 134(a)
    (1) and community health centers under
    Section 204(a)(1) of Public Law 88-164
    is legal.

        Under date of December 16, 1963, Governor John
Connally, in a letter addressed to the Honorable Anthony J.
Celebrezze, United States Department of Health, Education
and Welfare, Washington, D. C., designated the State Depart-
ment of Health as the agency for administering and supervising
state plans for the construction of mental retardation facil-
ities under Section 134(a)(1) and community health centers
under Section 204(a)(1) of Public Law 88-164.

-2853-

Under date of December 5, 1963, in a letter addressed to Dr. J. E. Peavy, Commissioner, State Health Department, Austin, Texas, Waggoner Carr, Attorney General, advised Dr. Peavy that under Article 4437d of Vernon's Civil Statutes, the Department of Health of the State of Texas was designated to accept on behalf of the State any grant, gift, or contribution made to assist in the cost of carrying out the purposes of the Texas Hospital Survey and Construction Act, and that this Act specifically authorizes the Health Department of the State of Texas to carry out the construction program involved in connection with construction of mental retardation facilities in community health centers.

Thereafter, the Legislature passed House Bill No. 3, chapter 67, Acts 59th Legislature, 1965, in which Act the Texas Department of Mental Health and Mental Retardation was created and there was transferred to the new department certain powers, duties, functions, property, records and personnel of the State Department of Health.

Said House Bill No. 3 provides in part:

"Sec. 2.14. The Department may accept gifts, grants, and donations of money, personal property, and real property for use in expanding and improving the mental health and mental retardation services available to the people of this state.

"Sec. 2.15. The Department may negotiate with any agency of the United States in order to obtain grants to assist in the expansion and improvement of mental health and mental retardation services in this state.

"Sec. 2.16. (a) All powers, duties, and functions relating to the commitment, care, treatment, maintenance, education, training, and rehabilitation of mentally ill or mentally retarded persons, or relating to the administration of mental health or mental retardation services, previously vested in the Board for Texas State Hospitals and Special Schools and in the Division of Mental Health and the Office of Mental Health Planning of the State Department of Health, are transferred to the Texas Department of Mental Health and Mental Retardation.

(b) All land, buildings, facilities, property, records, and personnel used by the Board for Texas State Hospitals and Special Schools and by the Division of Mental Health and the Office of Mental Health Planning of the State Department of Health in conjunction with such powers, duties, and functions are transferred to the Texas Department of Mental Health and Mental Retardation. Provided, however, this transfer shall not apply to the buildings presently occupied by the Texas State Department of Health."

In a letter dated January 4, 1966, the Honorable John Connally wrote the following:

"The Honorable John W. Gardner
United States Department of Health,
   Education and Welfare
Washington, D. C.

Dear Mr. Secretary:

On December 16, 1963 I designated the Texas State Health Department as the agency for administering and supervising state plans for construction of mental retardation facilities under Section 134 (a) (1) and community health centers under Section 204 (a) (1) of Public Law 88-164.

Since that time state legislation has created a new Department of Mental Health and Mental Retardation to coordinate and administer all of the programs for the mentally ill and mentally retarded. Therefore, as of February 1, 1966, I am hereby redesignating the above responsibilities to the Department of Mental Health and Mental Retardation. The Commissioner of Mental Health and Mental Retardation is Dr. Shervert H. Frazier and his address is 4500 North Lamar, Austin, Texas."

This office has been furnished a plan which is entitled "Texas State Plan for Construction of Facilities for the Mentally Retarded 1965" which has been prepared and submitted

by the Texas State Department of Health to the United States Department of Health, Education and Welfare, for approval, and in said State plan there is set out the letter from Governor John Connally dated December 16, 1963, and the letter from Waggoner Carr, Attorney General of the State of Texas, dated December 5, 1963.

There also appears in said State plan a memorandum from Harald M. Graning, M. D., Assistant Surgeon General, to the Regional Health Director, Hospital and Medical Facilities Program Director, Dallas, Texas, on the evidence of authority of State agencies to administer the Mental Retardation Facilities Construction Program, wherein among other States is listed Texas, showing the authority for the State Department of Health to administer such grants for construction.

It appears from a reading of all of the pertinent statutes and correspondence, that Governor John Connally has the authority under existing law to designate or to redesignate these responsibilities from the State Department of Health to the Texas Department of Mental Health and Mental Retardation, subject to the approval of the United States Department of Health, Education and Welfare.

## SUMMARY

Governor John Connally has the legal authority to redesignate the responsibilities formerly given the State Department of Health as the agency for administering and supervising State plans for the construction of mental retardation facilities under Section 134(a)(1) and community health centers under Section 204(a)(1) of Public Law 88-164, to the Texas Department of Mental Health and Mental Retardation, subject to the approval of the United States Department of Health, Education and Welfare.

Yours very truly,

WAGGONER CARR
Attorney General

By: John H. Banks
Assistant

JHB:sj

Dr. S. H. Frazier, page 5 (C-591)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Roger Tyler
Phillip Crawford
Marietta Payne
Robert Flowers

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright